IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY MORIN, | CV 19-206-M-KLD |
| Plaintiff, | |
| vs. | ORDER |
| JERRY NIELSEN, JANICE NIELSEN, JOHN DOES A,B,C, | |
| Defendants. | |

This matter comes before the Court on Defendants Jerry and Janice

Nielsen's motion to exclude Plaintiff Tracey Morin's experts based on insufficient

disclosure. For the reasons set forth below, the motion is granted.

## I.    Background

Plaintiff filed this action in state court on August 19, 2019, alleging

negligence arising from a motor vehicle accident. (Doc. 14). Defendants later

removed the case based on diversity jurisdiction, and on March 4, 2020 the Court

issued a pretrial scheduling order. (Doc. 16). The scheduling order established June

12, 2020 as the deadline for disclosure of Plaintiff's liability and damages experts. (Doc. 16 at 1). On June 16, 2020, Plaintiff filed her expert disclosure identifying two experts: Plaintiff and her father, Leroy Morin. (Doc. 18).

The disclosure states that Plaintiff will provide expert testimony on the harms and losses she has suffered, including the damages to her "body, emotions, property, finances, and the extent of those damages." (Doc. 18 at 2). Plaintiff explains that she "will testify as an expert on her body," and the fear, pain, trauma, and emotional distress she suffered as a result of the accident. Plaintiff indicates she will testify "about the exchange of energy" from Defendants' vehicle to her smaller vehicle at the time of the accident; the "pain and trauma leveled upon her heart and mind as it became evident that the Defendants had lied and were taking care of nothing" after the accident; and the physical pain she experienced as a result "of not being able to replace her Dad's special birthday gift truck." (Doc. 18 at 2). Finally, Plaintiff states that she will testify as to her "financial trauma" and about how her religious faith helped her heal. (Doc. 18 at 3). With respect to her father, Leroy Morin, Plaintiff states that he will testify based on his "automotive expertise" and on-the-job education and training, as to the condition of his truck before and after the accident. (Doc. 18 at 3).

## II.     Discussion

2

Defendants move to preclude Plaintiff's proffered experts from testifying at trial on the ground that Plaintiff's expert disclosure is inadequate and does not satisfy the requirements of the Federal Rules of Civil Procedure. Defendants filed their motion and opening brief on June 26, 2020. (Docs. 19-20). Under Local Rule 7.1(d)(1)(B)(ii), Plaintiff had fourteen days to file a response. Plaintiff's response was thus due on or before July 10, 2020. As of the date of this Order, however, Plaintiff has not filed a response brief or requested an extension. Local Rule 7.1(d)(1)(B)(ii) provides that "failure to file a response brief may be deemed an admission that the motion is well-taken." Because Plaintiff has not filed a response brief or requested an extension of time, Defendants' motion to exclude Plaintiff's experts for insufficient disclosure is deemed well-taken.

Even if the Court were to overlook Plaintiff's failure to comply with Local Rule 7.1(d), Defendants' motion is well-taken on the merits. Federal Rule of Civil Procedure 26(a)(2)(C) requires disclosure of expert witnesses who are not retained but nevertheless intend to provide expert testimony. This disclosure must identify "the subject matter on which the witness is expected to present evidence" and provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(C)(i) & (ii).

Defendants argue Plaintiff's expert disclosure is inadequate because it only

vaguely identifies the subject matter of the proffered expert testimony, and does not describe any of the opinions to which the witnesses are expected to testify or the facts upon which those opinions are based. The Court agrees that Plaintiff's expert disclosure is inadequate. The disclosure does not describe what training, education, and/or experience qualifies Plaintiff or Mr. Morin to render expert opinions in this case. The disclosure also fails to actually identify any expert opinions, or state how Plaintiff or Mr. Morin arrived at those opinions. In light of these deficiencies, Plaintiff's Rule 26 expert disclosure is inadequate.

The pretrial scheduling order entered in this case expressly advised the parties that "[a]n inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." (Doc. 16 at 6). Where, as here, a party fails to comply with the expert disclosure requirements of Rule 26, the expert opinion testimony is properly excluded unless the party can show that the "failure to comply with the rules is either substantially justified or harmless." *Laslovich v. State Farm Fire and Casualty Co.*, 307 F.R.D. 533, 537 (D. Mont. May 14, 2015). Plaintiff has not responded to Defendants' motion to exclude, and has not shown that her failure to comply with the rules is substantially justified or harmless. Defendants' motion to exclude expert testimony is well-taken both pursuant to Rule 7.1(d) and on the merits.

### III.    Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Exclude Plaintiff's Experts for

Insufficient Disclosure (Doc. 19) is GRANTED.

DATED this 4th day of August, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge