IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY MORIN,<br><br>          Plaintiff,<br><br>vs.<br><br>JERRY NIELSEN, JANICE NIELSEN, JOHN DOES A,B,C,<br><br>          Defendants. | CV 19-206-M-KLD<br><br>ORDER |

This negligence action comes before the Court on Defendants Jerry and Janice Nielsen's motion for summary judgment on pro se Plaintiff Tracey Morin's damage claims. For the reasons set forth below, Defendants' motion is granted and this case is dismissed.

## I.    Background

This lawsuit arises from a rear-end motor vehicle collision that took place on August 21, 2016, when the front of Defendants' vehicle impacted the rear of Plaintiff's vehicle while traveling westbound on an interstate highway in Montana.

1

(Doc. 9 at 2). On August 19, 2019, Plaintiff filed this action against Defendants in state court alleging a common law negligence claim. (Doc. 14). In their state court answer, Defendants admitted that "Jerry Neilsen's negligent operation of his vehicle" caused the accident. (Doc. 15 at ¶ 2). Defendants later removed the case to this Court based on diversity jurisdiction. (Doc. 1). Plaintiff's complaint includes a request for specific performance that Defendants pay the repair value of her vehicle and all property losses, an award of reasonable attorney fees, the cost of a rental replacement for Plaintiff's vehicle, and such other and further relief allowable by law. (Doc. 14 at 4).

On June 16, 2020, Plaintiff filed her expert disclosure identifying two experts: Plaintiff and her father, Leroy Morin. (Doc. 18). Plaintiff intended to testify as an expert on several matters, including the fear, pain, trauma, and emotional distress she suffered as a result of the accident. (Doc. 18 at 2). Plaintiff was driving her father's truck at the time of the accident, and stated that her father would testify as an expert on the condition of the truck before and after the accident. (Doc. 18 at 3). Defendants moved to preclude Plaintiff's proffered experts from testifying at trial, arguing that Plaintiff's expert disclosure was inadequate and did not satisfy the requirements of the Federal Rules of Civil Procedure. (Doc. 19-20). Plaintiff did not file a response brief, and the Court

granted Defendants' motion on the ground that Plaintiff failed to comply with the expert disclosure requirements of Rule 26 and had not shown that her failure to comply with the rules was substantially justified or harmless. (Doc. 22).

During discovery, Defendants served an interrogatory asking Plaintiff to "specify with particularity any and all damages [she] is claiming in this lawsuit" and to "include the nature of the damages claimed, and the method of computing or determining the amount of damages for each such claim." (Doc. 25-1 at 2-3). Plaintiff answered with a seven-page narrative description of her alleged damages, including property damage, medical expenses, pain and suffering, and emotional distress. (Doc. 25-1 at 3-10). Defendants also served requests for production asking Plaintiff to produce all documents supporting her damage claims, including medical records. (Doc. 25-1 at 11-15). Plaintiff did not produce any medical records or other documents supporting her damage claims in response to these discovery requests. (Doc. 25-1 at 11-15). Discovery closed on August 28, 2020, and Defendants filed the pending motion for summary judgment.

## II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking

summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. 317, 324 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials" of the pleadings. *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

In general, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987). In the summary judgment context, however, courts are to construe pro se documents liberally and give pro se litigants the benefit of any doubt. *Erickson v. Pardus* 551 U.S. 89, 94 (2007); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). Although Plaintiff is a formerly practicing attorney, the Court will nevertheless evaluate Defendants' summary judgment motion using the liberal standards typically applicable to pro se litigants.

As Defendants point out in their reply brief, Plaintiff filed her summary judgment response brief five days after the September 30, 2020 court-ordered deadline, and also failed to provide a statement of disputed facts that conforms to the requirements of Local Rule 56.1(b). As a result, Defendants ask the Court to deem Plaintiff's failure to file a statement of disputed facts an admission that no material facts are in dispute pursuant to Local Rule 56.1(d), and to deem their summary judgment motion well-taken pursuant to Local Rule 7(d)(1)(B)(ii). Notwithstanding these deficiencies, the Court will consider Defendants' motion and Plaintiffs' response on the merits.

5

## III. Discussion

Defendants argue they are entitled to judgment as a matter of law because Plaintiff has not produced any admissible evidence to support her damage claims, and seeks certain damages that are legally impossible for her to recover in this action.

### A. Proof of Damages

Under Montana law, "[t]he four elements of a common law negligence claim are duty, breach, causation, and damages. Each of these elements must exist for a negligence claim to proceed."[1] *Town of Superior Montana v. Asarco, Inc.*, 874 F.Supp.2d 937, 943 (D. Mont. 2004) (citing *Massee v. Thompson*, 90 P.3d 394, 400 (Mont. 2004)). When "a plaintiff fails to offer proof of any one of the elements of negligence (duty, breach, causation, and damages), then summary judgment in favor of the defendant is proper." *Town of Superior Montana*, 874 F.Supp.2d at 943 (quoting *Hinkle v. Shepherd School Dist. #37,* 93 P.3d 1239, 1243-1244 (Mont. 2004)). An award of "damages must be supported by substantial evidence

---

[1] Sitting in diversity jurisdiction, this Court applies the substantive law of Montana as the forum state. See *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). The proper measure of damages in a diversity case is an issue of substantive law. See *Clausen v. M/V New Carissa,* 339 F.3d 1049, 1065 (9th Cir. 2003) (citing *Chesapeake & Ohio Ry. Co. v. Kelly*, 241 U.S. 485, 491 (1916)).

that is not mere guess or speculation, although mathematical precision is not required." *In re Marriage of Mease*, 92 P.3d 1148, 1155 (Mont. 2004). While Defendants admit in their answer that "Jerry Nielsen's negligent operation of his vehicle" caused the accident at issue (Doc. 15 at ¶ 2), Plaintiff still must present some competent evidence in support of any claimed damages for her negligence action to survive summary judgment. See e.g. *Town of Superior Montana*, 874 F.Supp.2d at 943; *Weinberg v. Whatcom County,* 241 F.3d 746, 752 (9th Cir. 2001) (affirming grant of summary judgment on negligence claim for plaintiff's failure to offer any proof damages, which was essential element of negligence claim under Washington law).

      1.    *Property Damage*

As set forth in her interrogatory answers, Plaintiff seeks to recover for property damage to the 2001 Chevrolet pickup truck she was driving at the time of the accident. (Doc. 25-1 at 7). Plaintiff explains that Defendants' insurer offered her $2,500 as the replacement value of her vehicle, after allegedly "bullying" the repair shop to determine that the vehicle was totaled. (Doc. 25-1 at 7). Plaintiff makes clear that she is not seeking the replacement value, however, and is instead requesting damages for the cost to repair her vehicle. Plaintiff states in her interrogatory answers that "[t]he repair estimate is $16,929.11." (Doc. 25-1 at 7).

Significantly, however, Plaintiff did not produce any documents during discovery to support these claimed damages. Defendants served Plaintiff with a request for production asking her to "produce all documents identified" in her interrogatory answers. (Doc. 25-1 at 15). Although Plaintiff referenced a repair estimate of $16,929.11 in her interrogatory answer, she did not produce any supporting documentation in answer to Defendants' requests for production. (Doc. 25-1 at 15). In addition, Plaintiff's proffered experts, who would have testified to the value of her vehicle, have been excluded by the Court. (Doc. 22).

Federal Rule of Civil Procedure 37(c)(1) plainly provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In responding to Defendants' summary judgment motion, Plaintiff does not dispute that she did not produce any documents during discovery establishing either the replacement value or repair cost for her vehicle. Instead, Plaintiff claims that any failure on her part to provide this information should be excused because she provided Defendants and their insurance company with a written repair estimate in the amount of $14,146.16 prior to litigation, and has attached a copy as an exhibit to her response brief. (Doc. 30-1 at 2-4).

8

Defendants do not dispute that Plaintiff provided their insurer with a repair estimate prior to litigation, but note that their insurer is not a party to this litigation and represent in their reply brief that they never received a copy. Notably, Plaintiff has not provided any evidence demonstrating that she provided Defendants with the repair estimate prior to litigation. But even she did, such prelitigation disclosure does not relieve Plaintiff of her discovery obligations. Courts in the Ninth Circuit have consistently held that a party responding to a request for production is required to produce responsive documents within the party's possession, custody, or control even if it is believed that the opposing party already possesses the documents. See e.g. *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (concluding the defendant was "required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents); *Tatum v. Schwartz*, 2007 WL 2220977, at *3 (E.D. Cal. Aug. 2, 2007) ("Regardless of whether plaintiff believes the documents are in defendant's possession, she has an obligation to produce documents in her 'possession, custody, or control' that are responsive to a Rule 34 request for production'."). See also *Linn v. Whitaker*, 152 P.3d 1282, 1288 (Mont. 2007) (citing *Smith v. Butte-Silver Bow County*, 916 P.2d 91, 94 (Mont. 1996)) (holding nothing in the Montana Rules of Civil Procedure permits a party to

withhold evidence in discovery" on the basis of that party's belief or opinion that the opposing party already possesses the required information.").

Thus, even assuming Plaintiff voluntarily provided Defendants with the repair estimate before litigation began, she was not relieved of her discovery obligation to provide the repair estimate and any other responsive documents within her possession, custody, or control in answer to Defendants' requests for production. Because Plaintiff did not produce the repair estimate during discovery, and her failure to do so was not substantially justified or harmless, she cannot rely on it to defeat Defendants' motion for summary judgment.

Even if the repair estimate was admissible, Defendants argue Plaintiff has not demonstrated that the repair cost of her vehicle is the proper measure of damages. Montana Code Annotated § 27-1-306 provides that "[t]he measure of damages in a case in which the cost of repairing a motor vehicle exceeds its value is the actual replacement value of the motor vehicle. The statute defines "actual replacement value" as "the actual cash value of the motor vehicle immediately prior to the damage." Mont. Code Ann. § 27-1-306. Thus, to recover the cost of repairing her vehicle, Plaintiff would have to demonstrate that the actual replacement value of the vehicle immediately before the accident exceeded the repair cost. As Defendants correctly point out, however, Plaintiff has not come

forward with any admissible evidence whatsoever of the actual replacement value of her vehicle, much less provided any evidence that the replacement value exceeded the estimated repair cost. Therefore, applying the statutory language, Plaintiff's damages would be limited to actual replacement value. But because Plaintiff does not have any admissible evidence of her vehicle's actual replacement value, she cannot recover replacement value as a measure of damages.

In responding to Defendants' summary judgment motion, Plaintiff argues the measure of damage provisions set forth in Mont. Code Ann. § 27-1-306 are limited to insurance claims, and do not apply to her because she was not a party to the contract between Defendants and their insurance company. This argument fails, however, because Section 306 plainly governs "the measure of damages in a case" and is not limited to insurance claims. Plaintiff next argues that Mont. Code Ann. § 27-1-317 should apply instead, and she should be allowed to recover for "all detriment" caused by Defendants' negligence. Section 317 provides that "[f]or the breach of an obligation not arising from contract, the measure of damages, except where *otherwise expressly provided by this code*, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Mont. Code Ann. § 27-1-317 (emphasis added). Contrary to Plaintiff's argument, Section 317 does not apply here because, as "otherwise

11

expressly provided by this code," motor vehicle damages are governed by the more specific provisions of Section 306. Finally, Plaintiff argues her truck has sentimental "peculiar value," which she should be allowed to recover under Mont. Code Ann. § 27-1-305. Section 305 provides that if "a certain property has a peculiar value to a person recovering damages for deprivation thereof or injury thereto, that may be deemed to be its value against one who had notice thereof before incurring a liability to damages in respect thereof or against a willful wrongdoer." Plaintiff did not disclose during discovery that she is seeking damages for the peculiar value of her vehicle, and even if she had, she has not presented any evidence that Defendants had notice of the peculiar value before the accident, as required to recover under Section 305.

Because Plaintiff has not presented any admissible evidence of the estimated repair cost or replacement value of her vehicle as required to recover damages under Mont Code Ann. § 27-2-306, and the other damage statutes she relies on are inapplicable, Plaintiff's claim for property damage to her 2001 Chevrolet truck is subject to summary judgment.

As set forth in her interrogatory answers, Plaintiff also seeks to recover loss of use damages based on the cost of renting a substitute vehicle after the accident. (Doc. 25-1 at 7). Plaintiff has not produced any car rental invoices, however, or

come forward with any other evidence of damages due to loss of use. Absent any admissible supporting evidence, Plaintiffs cannot maintain a claim for loss of use damages. To the extent Plaintiff also seeks to recover for property damage to a boom box and CDs that were in the truck at the time of the accident (Doc. 25-1 at 7-8), Plaintiff has not presented any evidence in support of these claimed damages, and does not respond to Defendants' argument that this portion of her property damage claim should be summarily dismissed.

### 2. *Medical Expense Damages*

Plaintiff states in her interrogatory answers that she was injured in the accident and seeks to recover medical expenses. (Doc. 25-1 at 4-5). Plaintiff claims that she went to the emergency room after the accident, and alleges that Defendants "refused to pay the emergency room bill and ultimately for any health care to address" her injuries. (Doc. 25-1 at 4). Plaintiff explains that her emergency room bill went into collection, and she could not afford to seek additional medical treatment. (Doc. 25-1 at 4-5).

During discovery, Defendants served Plaintiff with requests for production asking her to provide copies of her medical records and medical bills. (Doc. 25-1 at 11-15). Plaintiff responded that she did not have any medical records, however, and has not produced any medical records documenting her alleged emergency

13

room visit. Nor has Plaintiff produced the medical bill from her alleged emergency room visit. In fact, while Plaintiff testified vaguely at her deposition that she thought the emergency room bill "was around $600," she could not recall the exact amount of the bill and did not know whether it had been paid. (Doc. 25-2 at 1).

Plaintiff does not dispute that she failed to produce any documents during discovery to support her alleged medical expense damages. Plaintiff still has not produced a copy of her alleged emergency room bill, even in responding to Defendants' summary judgment motion. Although Plaintiff states in her response brief that she provided Defendants with a copy of her emergency room bill before filing suit, she has not come forward with any evidence to that effect. But even if Plaintiff had voluntarily given Defendants a copy of the emergency room bill prior to litigation, doing so would not have relieved her of her obligation to produce the document during discovery. As discussed above, a party responding to a request for production must produce responsive documents within the party's possession, custody, or control even if it is believed that the opposing party already possesses the documents.

Because Plaintiff has not presented any admissible evidence that she incurred any medical expenses as a result of the accident, Defendants are entitled to summary judgment on her claim for medical damages.

### 3. *General Damages*

In addition to the special damages discussed above, Plaintiff's interrogatory answers reflect that she is also seeking general damages for pain and suffering and emotional distress. (Doc. 25-1). Defendants argue Plaintiff's claim for general damages should be dismissed because she did not provide any medical records during discovery, thereby depriving them of the opportunity to challenge whether her alleged damages are causally related to the accident.

With respect to pain and suffering, Plaintiff claims that she sustained "painful" bodily injuries in the accident, but could not afford "medical treatment to deal with the bodily injuries that resulted eventually from such a forceful blow that broke even metal." (Doc. 25-1 at 5). While a plaintiff may recover damages for pain and suffering resulting from physical injuries caused by a defendant's negligence, as discussed above Plaintiff has not come forward with any medical records or other admissible evidence demonstrating that she was physically injured in the accident. The Court agrees with Defendants, that because Plaintiff does not point to any admissible evidence of physical injury, she cannot prove the accident caused her any pain and suffering and they cannot effectively cross-examine her on the issue. Notably, Plaintiff does not argue otherwise in her response brief. Absent any admissible evidence of physical injury, Plaintiff cannot recover damages for

15

pain and suffering.

Construing Plaintiff's discovery responses liberally, she also claims to have suffered emotional distress damages. She asserts that her "emotional distress damages include the pain of not being able to get medical care and being sent to collection because of the Defendants' negligence." (Doc. 25-1 at 6). She states that Defendants' "fake concern" at the scene of the accident emotionally hurt her, and says "[i]t was emotionally damaging that the Defendants refused to pay for the damage to [her] vehicle." (Doc. 25-1 at 6).

"Montana law currently recognizes two ways for plaintiffs to recover emotional distress damages: (1) by asserting an independent claim for negligent or intentional infliction of emotional distress; or (2) by claiming emotional distress damages parasitic to an underlying tort claim." *Childress v. Costco Wholesale Corporation*, 2020 WL 6127724 at * 2 (9th Cir. Oct. 19, 2020). Here, Plaintiff has not asserted an independent, stand-alone claim for negligent or intentional infliction of emotional distress. Rather, Plaintiff is seeking emotional distress damages parasitic to her underlying negligence claim.

While a plaintiff may recover parasitic emotional distress damages for an underlying negligence claim for physical injury, as discussed above Plaintiff has not presented any medical records or other admissible evidence that she suffered

any physical injury in the accident. Whether Montana law also allows parasitic emotional distress damages for an underlying negligence claim for personal property damage or loss is not clear. In fact, the Ninth Circuit recently certified this very question to the Montana Supreme Court. *Childress v. Costco Wholesale Corporation*, 2020 WL 6127724 at * 1 (9th Cir. Oct. 19, 2020). But even assuming parasitic emotional distress damages for a negligence claim for personal property damages are allowable, as discussed above Plaintiff does not have any admissible evidence of personal property damage as would be required to recover for any associated emotional distress.

Again, Plaintiff does not respond to this aspect of the Defendants' summary judgment motion, and does not provide any authority for the proposition that she should be allowed to seek general damages without proof of special damages in a negligence action like this one. For these reasons, Defendants are entitled to summary judgment on Plaintiff's claim for general damages.

### B.     Legally Unrecoverable Damages

Plaintiff also seeks an award of reasonable attorney fees. (Doc. 14 at 4). Defendants argue Plaintiff is not legally entitled to attorney fees for two reasons, both of which are correct. First, Montana follows the American rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or

statutory provision. See *Mountain West Farm Bureau Mutual Ins. Co.*, 38 P.3d 825, 828 (Mont. 2001). Here, there is no contractual, statutory, or common law basis for Plaintiff's claim for attorney fees. Second, Defendants argue that even if there was, attorney fees are forbidden where, as here, a party is not represented by a licensed attorney. Mont. Code Ann. § 37-61-215. Because Plaintiff is not licensed to practice law in Montana and is proceeding pro se, she is not entitled to attorney fees and Defendants are entitled to summary judgment on this claim as well.

Finally, to the extent Plaintiff seeks damages based on Defendants' alleged refusal to advance pay her property damages and/or medical expenses, thereby "forcing" her to file this lawsuit (Doc. 25-1 at 9), Defendants argue her claims are legally deficient. Plaintiff does not respond to this aspect of Defendants' motion, which is well-taken. The Montana Supreme Court has applied Montana's Unfair Trade Practices Act, §§ 33-18-101 et seq., to hold that an "insurer" is required to make advance payment when certain criteria are met. *Ridley v. Guaranty National Ins. Co.*, 951 P.3d 987, 992 (Mont. 1997). As Defendants correctly point out, no Montana court has extended to the duty to make advance payments to insured individuals. Accordingly, any claim by Plaintiff for damages arising out of Defendants' alleged failure to make advance payments is properly dismissed.

## III. Conclusion

As discussed above, Plaintiff has not produced any admissible evidence of damages, and seeks certain damages that are legally impossible for her to recover in this action. Absent any viable claim for damages, Defendants are entitled to summary judgment and this negligence action is properly dismissed.[2] Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment re: Damage Claims (Doc. 23) is GRANTED and this case is DISMISSED.

IT IS FURTHER ORDERED that Defendants' Motion in Limine (Doc. 28) is DENIED as moot and all remaining deadlines, including the jury trial scheduled for December 14, 2020 are hereby VACATED.

DATED this 13th day of November, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[2] Plaintiff briefly argues in her reply brief that she "should be granted Summary Judgment regarding her damages." (Doc. 20 at 6). To the extent this argument can be liberally construed as a cross-motion for summary judgment, it fails on the merits for the reasons set forth above, and is procedurally deficient because it was made after motions deadline has passed and it does not satisfy the requirements of Local Rules 7.1(c)(1) and 56.1(a).